## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DONOVAN DARVILLE (#00570113)**                     **CIVIL ACTION NO.**

**VERSUS**                                                            **22-208-BAJ-EWD**

**JASON VERDIGETS, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 17, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONOVAN DARVILLE (#00570113)                    CIVIL ACTION NO.

VERSUS                                          22-208-BAJ-EWD

JASON VERDIGETS, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Complaint, as amended of Plaintiff Donovan Darville ("Darville"), who is representing himself and who is confined at the Ascension Parish Jail in Donaldsonville, Louisiana.[1] As Defendants Jason Verdigets and Leila Braswell are absolutely immune from suit for damages for their actions taken in Darville's state criminal case and as Darville's claim for injunctive relief cannot be maintained in this Court, it is recommended that Darville's federal claims be dismissed with prejudice as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A and that the Court decline to exercise supplemental jurisdiction over potential state law claims.

### I. BACKGROUND

Darville brought this suit on or about March 24, 2022 under 42 U.S.C. § 1983 against Judge Jason Verdigets and Assistant District Attorney Leila Braswell ("Braswell"). Darville seeks monetary and injunctive relief[2] for violations of his constitutional rights during his first criminal trial and in preparation for his second criminal trial in the state court.[3]

### II. LAW & ANALYSIS

#### A. Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or

---

[1] R. Docs. 1, 2, 4 & 6.
[2] R. Doc. 6, p. 6.
[3] R. Docs. 1, 2, 4 & 6.

by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[4] The statutes impose similar standards for dismissal and are intended to give the court the ability to separate those claims that may have merit from those that clearly lack a basis in law or in fact. Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Fed. R. Civ. Proc. 12(b)(6).[5] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[6] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] For a complaint to survive dismissal, it "must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim."[9]

While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[10] pleaded facts that are merely improbable or strange are not frivolous for

---

[4] §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"). §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff. Darville was granted IFP status on May 3, 2022, so both statutes apply. R. Doc. 8.

[5] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).

[6] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Id.*

[9] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255-57 (5th Cir. 2009).

[10] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

purposes of screening.[11] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[12] A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[13]

### B. Darville's Claims against Judge Verdigets and Braswell Should Be Dismissed

Judge Verdigets and Braswell are absolutely immune from liability in Darville's § 1983 suit for monetary damages.[14] Braswell, as an assistant district attorney, is absolutely immune in a civil rights suit for any actions taken in her role as an advocate for the State of Louisiana in connection with judicial proceedings.[15] Darville complains that Braswell did not provide him with a bill of particulars and discovery before a certain deadline in relation to his criminal trial.[16] Absolute immunity extends to actions taken in Braswell's role as advocate for the state in the courts or when her conduct is intimately associated with the judicial phase of the criminal process.[17] This includes actions taken with respect to the discovery process about which Darville complains.[18] Accordingly, Darville's claims for monetary damages against Braswell must fail.[19]

Similarly, judicial officers are absolutely immune from liability for damages for acts performed in the exercise of their judicial functions.[20] Darville's claims against Judge Verdigets

---

[11] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[12] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[13] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[14] A district court may appropriately consider the possible applicability of the doctrine of absolute immunity as a threshold matter in making a § 1915(e) determination. *See Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994) ("it remains appropriate for district courts to consider the possible applicability of the doctrine of absolute immunity … as a threshold matter" in deciding whether a plaintiff's claims are subject to dismissal under § 1915.)
[15] *Id.*, at 285 ("Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process.").
[16] R. Doc. 6, p. 5.
[17] *Jones v. Champagne*, No. 22-1364, 2022 WL 5238936, at *3 (E.D. La. Sept. 16, 2022), report and recommendation adopted, 2022 WL 5052603 (E.D. La. Oct. 4, 2022).
[18] *Id.*, at **3-4 (prosecutorial immunity applied in connection with complaints a plaintiff had regarding discovery).
[19] *Krueger v. Reimer*, 66 F.3d 75, 76–77 (5th Cir. 1995) (affirming dismissal of civil rights claims against district attorney and judge as frivolous based on absolute immunity).
[20] *See Boyd*, 31 F.3d at 284, citing *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993).

concern judicial decisions during Darville's first criminal trial, such as exclusion of particular jurors and rulings regarding testimony of witnesses.[21] These actions are squarely within the realm of judicial function and are covered by the doctrine of judicial immunity.

Though absolute immunity does not extend to suits for injunctive relief under § 1983,[22] to the extent that Darville seeks declaratory or injunctive relief in the form of a dismissal of criminal charges or removal of Judge Verdigets from presiding over his state criminal case,[23] this court has no power to grant this injunctive relief or to direct state officials in the performance of their duties.[24] Further, the claim seeking dismissal of criminal charges cannot be brought in a suit under § 1983.[25] Accordingly, all Darville's federal claims are subject to dismissal with prejudice.[26]

### C. The Court Should Decline to Exercise Supplemental Jurisdiction Over Potential State Law Claims

Finally, to the extent that Darville's allegations may be interpreted as an attempt to request that this Court exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which

---

[21] R. Doc. 1, p. 1. Darville also complains generally regarding how Judge Verdigets is handling his second trial. R. Doc. 1, p. 2.
[22] *See Chrissy F. by Medley v. Miss. Dept of Public Welfare*, 925 F.2d 844, 849 (5th Cir. 1991) (citations omitted).
[23] R. Docs. 6, p. 6; R. Doc. 1, pp. 2-3.
[24] *See Johnson v. Bigelow*, 239 Fed.Appx 865 (5th Cir. 2007) (*per curiam*) (affirming dismissal of a prisoner's request for injunctive relief under 42 U.S.C. § 1983 against a state judge as frivolous because "the federal courts have no authority to direct state courts or their judicial officers in the performance of their duties").
[25] *See Winzer v. 26th Judicial District Court*, No. 20-1204, 2021 WL 4048475 (W.D. La. July 19, 2021) ("Release from custody and dismissal of charges are not available through a civil rights action.") (citations omitted).
[26] Though ordinarily a *pro se* plaintiff should be afforded an opportunity to amend his or her complaint prior to dismissal, leave to amend is not necessary if amendment would be futile. Here, Darville should not be allowed leave to amend to attempt to state a claim because any amendment consistent with the facts alleged would be subject to dismissal. *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir. 2017) (though ordinarily a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed, granting leave to amend is not necessary if the plaintiff has already pleaded her best case or if an amendment would be futile).

it had original jurisdiction, or for other compelling reasons.[27] Having recommended dismissal of all Darville's federal claims, it is appropriate to decline to exercise supplemental jurisdiction over any potential state law claims.

### **RECOMMENDATION**

**IT IS RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over the potential state law claims, that Plaintiff Donovan Darville's federal claims be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and that this case be **CLOSED**.[28]

Signed in Baton Rouge, Louisiana, on January 17, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[27] 28 U.S.C. § 1367.
[28] Darville is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Recommendation be adopted, the dismissal will count as a strike.